## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE      )
                             )

v.                               )          **ID No. 1503017603**
                             )

**RAYSHAUN JOHNSON,**      )
                 Defendant. )

Submitted: January 31, 2025
Decided: March 20, 2025

*Upon Defendant Rayshaun Johnson's Second Motion for Postconviction Relief,*
**SUMMARILY DISMISSED.**

## ORDER

This 20th day of March 2025, upon Defendant Rayshaun Johnson's Second Motion for Postconviction Relief (D.I. 123), and the record in this matter, it appears to the Court that:

(1) Mr. Johnson was indicted by a grand jury in 2015 for first-degree murder, conspiracy, and related weapons counts.[1] These charges were brought after a manhunt for one person led to the 2014 fatal shooting of the wholly innocent Theodore "Teddy" Jackson.[2]

---

[1] D.I. 1.

[2] For a more detailed recounting of the homicide, the interested reader can turn to the Delaware Supreme Court's decisions resolving Mr. Johnson's earlier postconviction motion and his co-defendant's direct appeal. *Johnson v. State*, 2023 WL 8596001, at *1-2 (Del. Super. Ct. Dec. 12, 2023) ("*Johnson III*"); *Clark v. State*, 224 A.3d 997, 997-1101 (Del. 2020).

(2)     A five-day jury trial was held for the charges against Mr. Johnson.[3] During trial, one witness was the State's forensic firearms examiner, Carl Rone.[4] His testimony, while helpful, was far from critical—demonstrating only:  (a) that weapons of at least two different calibers were fired during the homicide; and (b) that a firearm recovered about four months later in Laurel, Delaware, was one of those weapons.[5]

(3)     The jury found Mr. Johnson guilty of three crimes:  Murder in the First Degree, Conspiracy in the First Degree, and Possession of a Firearm during Commission of a Felony.[6]  The Court sentenced him to life plus 30 years in prison.[7]

(4)     And for behavior wholly unrelated to Mr. Johnson's case, the firearms examiner, Mr. Rone, was later prosecuted and pleaded guilty to falsifying time sheets.[8]

(5)     Mr. Johnson's convictions and sentence were affirmed on direct appeal.[9]

---

[3]     D.I. 66.

[4]     2/14/2017 Trial Tr. at 85-105 (D.I. 74).

[5]     2/14/2017 Trial Tr. at 92-103; 2/16/2017 Trial Tr. at 13-14, 21-24 (D.I. 76).

[6]     D.I. 66.

[7]     D.I. 78.

[8]     *See Dixon v. State*, 2021 WL 3404223 (Del. Aug. 4, 2021) (describing Mr. Rone's own later legal troubles).

[9]     *Johnson v. State*, 2019 WL 4180617 (Del. Sept. 3, 2019) ("*Johnson I*").

(6)    In 2020, he filed a motion for postconviction relief and requested counsel.[10]  Mr. Johnson was appointed counsel who then filed an amended motion for postconviction relief.[11]  That motion was denied.[12]  And that denial was affirmed on appeal.[13]

(7)    Now before the Court is Mr. Johnson's second motion for postconviction relief, which he has filed *pro se*.[14]

(8)    According to Mr. Johnson, he's now entitled to postconviction relief— *i.e.* "dismissal of his conviction, for 'time served'"—because he qualifies under Rule 61's actual-innocence exception and his postconviction counsel provided ineffective assistance during his first Rule 61 round.[15]

(9)    As to his new-evidence-of-actual-innocence claim, Mr. Johnson insists that the forensic firearms examiner's testimony was "false evidence" and his jury was not instructed on the lesser offense of manslaughter.[16]

(10)   He also claims that his postconviction counsel was ineffective because

---

[10]  D.I. 91 (Mr. Johnson's first *pro se* Rule 61 motion); D.I. 92 (Mr. Johnson's motion for appointment of counsel to prosecute his first Rule 61 motion).

[11]  D.I. 107 (Postconviction counsel's amended Rule 61 motion).

[12]  *State v. Johnson*, 2023 WL 2495538 (Del. Super. Ct. Mar. 14, 2023) ("*Johnson II*").

[13]  *Johnson III*, 2023 WL 8596001.

[14]  *See generally* D.I. 123 ("Def.'s 2nd Rule 61 Mot.").

[15]  Def.'s 2nd Rule 61 Mot. at 2-3, 16.

[16]  Def.'s 2nd Rule 61 Mot. at 7-8, 10-15.

her amended motion only raised an evidentiary issue regarding in-court identification of him by a witness—not the other ten arguments he penned in his original *pro se* Rule 61 motion—a strategy he says he was neither informed of nor consented to.[17]

(11) The Court has engaged in the preliminary consideration of Mr. Johnson's current application required under Superior Court Criminal Rule 61(d)(2). The Court finds that, consistent with Rules 61(i)(1) and (i)(2), his motion should be **SUMMARILY DISMISSED** because it is both untimely and successive.

(12) This Court's Criminal Rule 61 provides one with an efficacious, but honed, instrument for use in seeking postconviction relief. It "'balances' the law's interest in conviction finality 'against . . . the important role of the courts in preventing injustice.'"[18] Consequently, when considering applications for postconviction relief, this Court addresses any applicable procedural bars before turning to the merits.[19] Turning to the merits of any case that does not meet procedural requirements effectively renders our procedural rules meaningless.[20]

---

[17] Def.'s 2nd Rule 61 Mot. at 6-7, 9-10.

[18] *State v. Thompson*, 2022 WL 1744242, at *6 (Del. Super. Ct. May 31, 2022), *aff'd,* 223 WL 2979523 (Del. Apr. 18, 2023) (quoting *Zebroski v. State*, 12 A.3d 1115, 1120 (Del. 2010)).

[19] *See, e.g.*, *Ayers v. State*, 802 A.2d 278, 281 (Del. 2002); *see also Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991); *Younger v. State*, 580 A.2d 552, 554 (Del. 1990) (citing *Harris v. Reed*, 489 U.S. 255 (1989)).

[20] *See State v. Chao*, 2006 WL 2788180, at *5 (Del. Super. Ct. Sept. 25, 2006) ("To protect the integrity of the procedural rules, the Court should not consider the merits of a postconviction claim where a procedural bar exists."); *State v. Jones*, 2002 WL 31028584, at *2 (Del. Super. Ct. Sept.

(13) First, Mr. Johnson's motion must comply with Rule 61(i)(1)'s time limitation.[21] Thereunder, "[a] motion for postconviction relief may not be filed more than one year after the judgment of conviction is final."[22] His judgment of conviction became final when the Delaware Supreme Court issued its mandate upon the affirmance of Mr. Johnson's direct appeal in September 2019.[23]

(14) In addition, as this is his second, Mr. Johnson's motion is controlled by 61(i)(2)'s bar on repetitive Rule 61 petitions.[24]

(15) But these time and repetition bars are inapplicable when one's claim is based either on (a) new evidence of actual factual innocence or (b) a new, retroactive constitutional rule that is applicable thereto.[25] Only the newly discovered evidence exception is invoked by Mr. Johnson here.

(16) Mr. Johnson claims that there are two, independent forms of "new" evidence.

---

10, 2002) (citing *State v. Gattis*, 1995 WL 790961, at *3 (Del. Super. Ct. Dec. 28, 1995)) (same).

[21] Del. Super. Ct. Crim. R. 61(i)(1).

[22] *Id*.; *Peters v. State*, 2015 WL 1280628, at *2 (Del. Mar. 20, 2015) ("Rule 61 (i)(1) bars any claim for postconviction relief that is not filed within one year of a final judgment of conviction. A conviction becomes final when this Court issues the mandate following a defendant's direct appeal." That Rule 61 movant, therefore, had to show that the then-existing exception to the rule's one-year filing deadline applied.).

[23] *Johnson I*, 2019 WL 4180617.

[24] Del. Super. Ct. Crim. R. 61(i)(2).

[25] Del. Super. Ct. Crim. R. 61(i)(5). The bars also don't apply to a claim that the Court lacked jurisdiction. *See State v. Washington*, 2021 WL 5232259, at *4 (Del. Super. Ct. Nov. 9, 2021), *aff'd,* 2022 WL 1041267 (Del. Apr. 7, 2022) (explaining Rule 61's current procedural bars and the exceptions thereto).

(17) First, Mr. Johnson suggests that Mr. Rone's testimony is now fatally vulnerable to attack because: (a) he was later convicted for falsifying time sheets; and (b) he was allegedly "prepped-up by the government" to inaccurately testify about the murder weapon.[26]

(18) To avail himself of the exception he invokes, Mr. Johnson must reveal "new evidence exists that creates a strong inference that [he] is actually innocent in fact of the acts underlying the charges of which he was convicted."[27]

(19) And of equal import here, a movant cannot successfully navigate the "actual innocence" standard with evidence that is "merely cumulative or impeaching."[28] Indeed, any new evidence "that goes *only* to the weight or credibility of that which was presented to the [factfinder] is almost never adequate to meet the demanding bar for being granted a new trial."[29] Resultingly in instances like this, our Supreme Court has previously explained that Mr. Rone's later misconduct does not constitute new evidence of actual innocence as envisaged by Rule 61(i) and is insufficient to incite review of a successive Rule 61 motion.[30] This is particularly

---

[26] Def.'s 2nd Rule 61 Mot. at 11-14.

[27] Del. Super. Ct. Crim. R. 61(i)(2)(*i*) and (d)(2)(*i*).

[28] *Purnell v. State*, 254 A.3d 1053, 1100 (Del. 2021).

[29] *Id.* at 1098.

[30] *See Dixon*, 2021 WL 3404223, at *3-4 (such impeachment evidence, under facts like these, simply does not "speak with such result-changing force as would justify a new trial," much less the dismissal that Mr. Johnson seeks); *id.* at *3 ("All of these facts could have been—and were— established by witnesses other than Rone. And, more to the point, a reasonable juror could find

- 6 -

so given the other evidence of Mr. Johnson's guilt.[31]

(20) There is also nothing behind Mr. Johnson's bald assertion that the firearms examiner was "prepped-up" by the prosecutor. That, too, dooms this specific "new evidence" claim under Rule 61's applicable strict standard.[32]

(21) In his second "new evidence" claim, Mr. Johnson says his jury was never instructed on manslaughter as a lesser-included offense of first-degree murder.[33]

(22) "Innocence of the 'acts underlying the charges' requires 'more than innocence of intent; it requires new evidence that a person other than the petitioner committed the crime.'"[34] Perforce, a complaint of an excluded lesser-included offense instruction is in no way a claim that now "new evidence exists that creates a

---

that, based on this evidence, Dixon was guilty of the crimes charged beyond a reasonable doubt."); *see also Washington*, 2021 WL 5232259, at *8 ("Additionally, Rone's testimony was not central to Washington's conviction because other more significant evidence supported the jury's verdict.").

[31] *Johnson I*, 2019 WL 4180617, at *1 n.2 ("Not only was Johnson identified as one of three men—one of them agitated and armed—who were looking for the murder victim earlier on the evening of the murder, later that night Johnson made a statement indicative of his participation in the crime. In particular, he said, 'Remember the boy . . . I was telling you about? . . . I think we got him.' Moreover, the investigating officers found shell casings of two different calibers at the scene, suggesting the possibility of two weapons, and therefore, two shooters."); *Johnson III*, 2023 WL 8596001, at *1-2 (describing the crime and non-forensic evidence against Mr. Johnson).

[32] *See* Del. Super. Ct. Crim. R. 61(d)(2)(*i*) (stating that one must plead "*with particularity* that new evidence exists that creates a *strong inference* that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted") (emphases added).

[33] Def.'s 2nd Rule 61 Mot. at 14-15.

[34] *Purnell*, 254 A.3d at 1095 (quoting *State v. Taylor*, 2018 WL 3199537, at *7 (Del. Super. Ct. June 28, 2018), *aff'd*, 2019 WL 990718 (Del. Feb. 27, 2019)).

strong inference that [Mr. Johnson] is actually innocent in fact of the acts underlying the charges of which he was convicted."[35]  Simply put, in Rule 61 terms, an alleged missing jury instruction is neither "evidence," nor "new."[36]  And what's more, even if one's quibble over a missing jury instruction could ever possibly shoulder a movant's 61(i)(2)(*i*) and (d)(2)(*i*) burden, it can't here.  Mr. Johnson's jury was instructed to consider manslaughter as a lesser-included offense.[37]

(23)  Since there is no viable claim of new evidence of actual factual innocence, the (i)(1) and (i)(2) bars remain intact.

(24)  Lastly, Mr. Johnson's claim that his postconviction counsel was ineffective because her amended Rule 61 motion didn't include all of the claims he dumped into his original *pro se* motion that was filed before obtaining counsel cannot except this successive petition.  A claim of ineffective assistance of first-

---

[35]  *See* Del. Super. Ct. Crim. R.  61(i)(2)(*i*) and (d)(2)(*i*). *Cf. State v. Ploof*, 2017 WL 7804294, at *10 (Del. Super. Ct. Dec. 28, 2017), *aff'd,* 194 A.3d 908 (Del. 2018) ("Defendant's argument that 'no reasonable juror would have found [him] guilty of first-degree murder beyond a reasonable doubt' because this evidence somehow belies his intent to commit first degree murder is unavailing. The Court agrees with the State's arguments that '[i]f this evidence existed in 2001, it is not <u>new</u> evidence[ ]' and 'it is not evidence that [Defendant] did not shoot his wife[.]'") (underline in original) (citations omitted).

[36]  *See State v. Lampkins*, 2023 WL 6368315, at *7 (Del. Super. Ct. Sept. 28, 2023), report and recommendation adopted, 2023 WL 8236690 (Del. Super. Ct. Nov. 28, 2023), *aff'd,* 2024 WL 3576185 (Del. July 29, 2024) (stating that "'new' evidence is evidence discovered after trial which could not have been discovered before trial with due diligence").

[37]  2/16/2017 Jury Instructions at 15-16 (defining manslaughter as one of two included offenses of first-degree murder) (D.I. 64); *id*. at 36 (verdict form providing the jury with the potential verdict of "Guilty of the included offense of Manslaughter"); 2/16/2017 Completed Verdict Form at 1 (D.I. 65) (jury recording first-degree murder verdict in lieu of the lesser options of second-degree murder and manslaughter).

round postconviction counsel can't be engaged to relieve one of the burdens of satisfying the pleading requirements of Superior Court Criminal Rule 61(d)(2) to avoid summary dismissal of a second or subsequent motion for postconviction relief.[38]

(25) Accordingly, Mr. Johnson's Second Motion for Postconviction Relief is **SUMMARILY DISMISSED** as being procedurally barred.[39]

**SO ORDERED this 25th day of March, 2025,**

_____
Paul R. Wallace, Judge

Original to Prothonotary

cc:    Rayshaun E. Johnson, *pro se*
       Matthew C. Bloom, Deputy Attorney General

---

[38] *Sykes v. State*, 2018 WL 454461, at *2 (Del. Oct. 10, 2018); *Durham v. State*, 2107 WL 5450746, at *2 (Del. Nov. 13, 2017); *State v. Brisco*, 2025 WL 660270, at *1-2 (Del. Super. Ct. Feb. 24, 2025).

[39] *See* Del. Super. Ct. Crim. R. 61(d)(2), (i)(1), and (i)(2).